IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SOLOMON McCOY,

        Plaintiff,                      No. 2:13-cv-0374 CKD P

   vs.

YOLO COUNTY, et al.,

        Defendants.          <u>ORDER</u> <u>AND</u>

                                     <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a Yolo County Jail inmate, proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

2

1   In reviewing a complaint under this standard, the court must accept as true the
2   allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S.
3   738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
4   doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).
5   Plaintiff names five defendants: Yolo County, two Yolo County prosecutors, a
6   Yolo County public defender, and a West Sacramento police officer.  He asserts that he was
7   wrongfully prosecuted for and convicted of possessing a controlled substance while armed with a
8   loaded firearm under California Penal Code § 11370.1(a), and that the resulting sentence
9   constitutes false imprisonment.  He seeks $750,000 damages.  (Dkt. No. 1.)
10  Plaintiff's claim is barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), in which
11  the Supreme Court found that a §1983 action that would necessarily call into question the
12  lawfulness of a plaintiff's conviction is not cognizable unless the plaintiff can show that his
13  conviction has been reversed.  <u>Id</u>. at 486-87.  Under <u>Heck</u>, before plaintiff may seek damages
14  related to his incarceration, he must show that his conviction or sentence has been either: (1)
15  reversed on direct appeal, (2) expunged by executive order, (3) declared invalid by a state
16  tribunal authorized to make such determination, or (4) called into question by a federal court's
17  issuance of a writ of habeas corpus.  <u>Id</u>. at 487.  Here, plaintiff has not shown that his conviction
18  has been reversed.
19  For this reason, plaintiff fails to state a claim upon which relief can be granted.
20  Because there is no reason to believe that plaintiff will be able to assert a claim upon which relief
21  can be granted if given a chance to amend, the court will recommend dismissal of this action for
22  failure to state a claim.
23  In accordance with the above, IT IS HEREBY ORDERED that:
24  1. Plaintiff's request for leave to proceed in forma pauperis is granted;
25  2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
26  All fees shall be collected and paid in accordance with this court's order to the Sheriff of Yolo

1  County filed concurrently herewith;

2      3. The Clerk of Court shall assign a district judge to this action.

3      IT IS HEREBY RECOMMENDED THAT this action be dismissed for failure to
4  state a claim upon which relief can be granted.

5      These findings and recommendations are submitted to the United States District
6  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
7  days after being served with these findings and recommendations, plaintiff may file written
8  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
9  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
10 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
11 F.2d 1153 (9th Cir. 1991).

12  Dated: March 5, 2013

13  _____
14  CAROLYN K. DELANEY
    UNITED STATES MAGISTRATE JUDGE

16  2
17  mcco0374.B